Laura Smith (ARDC 6300907)
Laura@ChildrensLegalCenterChicago.org
Brigitte Nuss Kocheny (ARDC 6227001)
Brigitte@ChildrensLegalCenterChicago.org
Children's Legal Center
1100 W Cermak Rd., Suite 422
Chicago, Illinois 60608
(312) 722-6642

*Attorneys for Petitioner*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **F.J.C.G.** | )<br>) Case No. 1:25-cv-04107<br>) |
| Petitioner, | )<br>) |
| | ) **PETITION FOR WRIT** |
| v. | ) **OF HABEAS CORPUS** |
| | ) |
| **MICHAEL J SMITH**, Warden, Broadview Processing Center; **LADEON FRANCIS,** Director of Chicago Field Office, U.S. Immigration and Customs Enforcement; **KRISTI NOEM,** Secretary of the U.S. Department of Homeland Security; and **PAMELA BONDI,** Attorney General of the United States, in their official capacities, | )<br>)<br>) **ORAL ARGUMENT**<br>) **REQUESTED**<br>)<br>)<br>)<br>)<br>) |
| Respondents. | )<br>) |

## INTRODUCTION

This is a petition for a writ of habeas corpus filed pursuant to 8 U.S.C. §2241 on behalf of F.J.C.G., a native and citizen of Venezuela, by and through his attorneys, seeking relief to remedy his unlawful detention by Respondents.

On March 21, 2025, individuals from the Immigration and Customs Enforcement Agency (ICE) arrested Petitioner outside of his home without a judicial warrant, placed him in ICE custody, served him with a Notice to Appear ("NTA"), and took him to Broadview Processing

1

Center in Broadview, Illinois. The same day Petitioner was moved to the Dodge Detention Facility (DDF) in Juneau, Wisconsin. On April 8, 2025, Petitioner appeared for his Master Calendar Hearing via WebEx before the Immigration Court in Chicago, Illinois. During that hearing, Immigration Judge Carla Espinoza granted a short continuance and ordered that Petitioner appear for another hearing on April 24, 2025. Despite Judge Espinoza's order, Respondents arranged for Petitioner to travel from DDF to the Broadview Processing Center on April 14, 2025. Absent an order from this Court, upon information and belief, Petitioner is in imminent danger of being moved to a facility in Texas before being removed from the United States to an unknown location. Petitioner's detention and travel is not justified under the Constitution or the Immigration and Nationality Act (INA).

Petitioner is not a flight risk or a danger to the community. He entered the United States over 2.5 years ago. Prior to his detention, he was awaiting decisions on his pending applications for Asylum and Temporary Protected Status before the U.S. Citizenship and Immigration Services (USCIS). Petitioner has no criminal history other than a minor traffic violation, either here in the United States or in Venezuela. Therefore, Petitioner is not subject to expedited removal and must be afforded his due process.

Petitioner has fully cooperated with Respondents. Respondents, however, have not produced *any* cause for Petitioner's detainment and removal from the United States before the Immigration Court has even issued a removal order or adjudicated his asylum claim. Accordingly, Petitioner asks this Court to issue an order declaring his detention unlawful, prohibiting Respondents from removing him from the United States and the jurisdiction of the Chicago Immigration Court, and ordering Respondents to release him from their custody.

## **CUSTODY**

1. Petitioner is in the physical custody of Respondent Ladeon Francis, Director of Chicago Field Office, U.S. Immigration and Customs Enforcement (ICE); the Department of Homeland Security (DHS); and Respondent Michael J. Smith, Warden of Broadview Processing Center (BPC) in Broadview, Illinois. Upon information and belief, today, April 14, 2025 Petitioner is detained at BPC in Broadview, Illinois. Petitioner is under the direct control of Respondents and their agents.

## JURISDICTION

2. This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq*.

3. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause), and the Fifth Amendment to the United States Constitution (Due Process Clause).

4. This Court has jurisdiction under 28 U.S.C. § 1331, as Petitioner is presently in custody under color of authority of the United States and such custody is in violation of the U.S. Constitution, laws, or treaties of the United States.

5. This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 *et. seq*., the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the All-Writs Act, 28 U.S.C. § 1651.

## VENUE

6. Venue is proper because today, April 14, 2025, Petitioner is detained at Broadview Processing Center in Broadview, Illinois, which is within the jurisdiction of this District.

7. Venue is proper in this District because Respondents are officers, employees, or agencies of the United States and a substantial part of the events or omissions giving rise to Petitioner's claims occurred in this District and Petitioner resides in this District and no real property is involved in this action. 28 U.S.C. § 1391(e).

## REQUIREMENTS OF 28 U.S.C. § 2243

8. The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the Respondents "forthwith," unless the Petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require Respondents to file a return "within *three days* unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* (emphasis added).

9. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a *swift* and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added).

## PARTIES

10. Petitioner is an asylum seeker from Venezuela. At the time of his arrest, Petitioner resided in Matteson, Illinois. He is in the custody, and under the direct control, of Respondents and their agents at Broadview Processing Center in Broadview, Illinois.

11. Respondent Michael J. Smith is the Warden of Broadview Processing Center and has immediate physical custody of Petitioner pursuant to the facility's contract with ICE to detain noncitizens. Petitioner is in the legal custody of Respondent Smith.

12. Respondent Ladeon Francis is sued in his official capacity as the Director of the Chicago Field Office of U.S. Immigration and Customs Enforcement. Respondent Francis is a legal custodian of Petitioner and has authority to release him.

13. Respondent Kristi Noem is sued in her official capacity as the Secretary of the U.S. Department of Homeland Security (DHS). In this capacity, Respondent Noem is responsible for the implementation and enforcement of the Immigration and Nationality Act, and oversees U.S. Immigration and Customs Enforcement, the component agency responsible for Petitioner's detention and custody. Respondent Noem is a legal custodian of Petitioner.

14. Respondent Pamela Bondi is sued in her official capacity as the Attorney General of the United States and the senior official of the U.S. Department of Justice (DOJ). In that capacity, she has the authority to adjudicate removal cases and to oversee the Executive Office for Immigration Review (EOIR), which administers the immigration courts and the BIA. Respondent Bondi is a legal custodian of Petitioner.

## STATEMENT OF FACTS

15. On or about October 2, 2022, Petitioner entered the United States. Petitioner encountered U.S. immigration officials from DHS, was fingerprinted and detained for about one day, and was then released. On or about August 8, 2023, Petitioner filed an I-589 Application for Asylum and Withholding of Removal with USCIS. That application remains pending. On or about December 7, 2023, Petitioner filed an I-821 Application for Temporary Protected Status (TPS); that application also remains pending with USCIS.

16.     On March 21, 2025, ICE went to Petitioner's home and arrested Petitioner without obtaining a judicial warrant and in violation of the *Nava* Settlement Agreement (*Castañon Nava et al. v. Dep't of Homeland Security et al*., No. 18-cv-3757 (N.D. Ill.)). Petitioner was placed in the custody of ICE, served with a Notice to Appear (NTA) and taken to the Broadview Processing Center in Broadview, Illinois. The same day Petitioner was transferred to Dodge Detention Facility (DDF) in Juneau, Wisconsin.

17.     On March 23, 2025 ICE filed the NTA with EOIR (Chicago Immigration Court) alleging that Petitioner is inadmissible to the United States. Petitioner was able to schedule telephone calls with counsel as long as counsel scheduled the telephone call with 24-hours' notice to DDF. On March 23, 2025, Petitioner's counsel mailed documents to DDF for Petitioner to sign and return in a pre-stamped envelope. These documents are necessary for Petitioner's counsel to obtain documentation from DHS as to Petitioner's entrance and the allegations causing Petitioner's detention. Upon information and belief, Petitioner signed said documents, placed them in the provided envelope, sealed the envelope, and gave it to DDF staff to mail. To date, those documents have not been received by counsel. On or about April 8, 2025, counsel mailed Petitioner the same documents to sign and included a pre-stamped USPS Priority Mail envelope for the documents to be returned to counsel's office. Upon information and belief, Petitioner signed said documents and provided them to DDF staff in the USPS Priority Mail envelope (Tracking No. 9405530109355131527091). The documents have not been placed in USPS mail for return to counsel. As counsel needs said documents for representation of Petitioner, counsel scheduled an in-person meeting for April 18, 2025 to travel to DDF to meet with Petitioner and obtain necessary signatures.

18. On April 8, 2025, Petitioner appeared for his Master Calendar Hearing via WebEx before the Immigration Court in Chicago, Illinois with his attorney. The hearing was continued to April 24, 2025 for Petitioner's counsel to obtain documents from DHS as to Petitioner's detention.

19. Upon information and belief, on April 14, 2025 Petitioner was transferred from DDF to Broadview Processing Center in Broadview, Illinois and remains there. Upon information and belief, Respondents intend to transfer Petitioner to a detention center in Texas for removal from the United States.

## LEGAL FRAMEWORK

20. Pursuant to 28 U.S.C. § 2243, the Court either must grant the instant petition for writ of habeas corpus or issue an order to show cause to Respondents, unless Petitioner is not entitled to relief. If the Court issues an order to show cause, Respondents must file a response "within *three days* unless for good cause additional time, *not exceeding twenty days*, is allowed." 28 U.S.C. § 2243 (emphasis added).

21. "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Demore v. Kim*, 538 U.S. 510, 523 (2003) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

22. This fundamental due process protection applies to all noncitizens, including both removable and inadmissible noncitizens. *See id.* at 721 (Kennedy, J., dissenting) ("[B]oth removable and inadmissible [noncitizens] are entitled to be free from detention that is arbitrary

7

or capricious."). It also protects noncitizens who have been ordered removed from the United States and who face continuing detention. *Id.* at 690.

23. Furthermore, 8 U.S.C. § 1231(a)(1)-(2) authorizes detention of noncitizens during "the removal period," which is defined as the 90-day period beginning on "the latest" of either "[t]he date the order of removal becomes administratively final"; "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order"; or "[i]f the [noncitizen] is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement."

24. At a minimum, detention is unconstitutional and not authorized by statute when it exceeds six months and deportation is not reasonably foreseeable. *See Zadvydas*, 533 U.S. at 701 (stating that "Congress previously doubted the constitutionality of detention for more than six months" and, therefore, requiring the opportunity for release when deportation is not reasonably foreseeable and detention exceeds six months); *see also Clark v. Martinez*, 543 U.S. 371, 386 (2005).

25. Individuals subject to removal proceedings are statutorily required to have an opportunity to examine evidence against them and to be heard. Pursuant to 8 U.S.C. § 1229a(b)(1)(B), the alien subject to removal proceedings "shall have a reasonable opportunity to examine the evidence against the alien, to present evidence on the alien's own behalf, and to cross-examine witnesses presented by the Government […]."

26. Moreover, an immigration judge shall make the determination of whether an alien is removable at the conclusion of removal proceedings and based on only the evidence produced at the hearing. 8 U.S.C. § 1229a(c)(1)(A).

27. Absent a final removal order, an alien may be removed under specific circumstances, such as expedited removal (INA § 235(b)(1); 8 U.S.C. § 1225(b)(1)), reinstatement of removal (INA § 241(a)(5); 8 U.S.C. § 1231(a)(5)), stipulated removal (8 C.F.R. § 1003.25(b)), or administrative removal for aggravated felons (INA § 238(b); 8 U.S.C. § 1228(b)). None of those specific circumstances apply to Petitioner.

## CLAIMS FOR RELIEF

### COUNT ONE
### Violation of Fifth Amendment Right to Due Process

28. The allegations in the above paragraphs are realleged and incorporated herein.

29. Petitioner's detention violates his right to substantive and procedural due process guaranteed by the Fifth Amendment of the U.S. Constitution.

30. The Fifth Amendment of the U.S. Constitution guarantees that "no person shall be deprived of life, liberty, or property without due process of law." U.S. Const. amend. V. This protection applies to both citizens and non-citizens within the United States.

31. For these reasons, Petitioner's arrest and detention violates the Due Process Clause of the Fifth Amendment.

### COUNT TWO
### Violation of 8 U.S.C. § 1229a(b)(1)(B)

32. The allegations in the above paragraphs are realleged and incorporated herein.

33. The Immigration and Nationality Act (INA) at 8 U.S.C. § 1229a(b)(1)(B) requires that an alien subject to removal proceedings be given a reasonable opportunity to examine the evidence against the alien, to present evidence on the alien's own behalf, and to cross-examine witnesses presented by the Government. Petitioner appeared for a Master Calendar Hearing on April 8, 2025 with counsel where Immigration Judge Espinoza continued his case and set his

next hearing on April 24, 2025. Petitioner has not had a reasonable opportunity to examine the evidence against him, present evidence on his own behalf or cross-examine witnesses prior to his transfer from DDF on April 14, 2025.

34. Furthermore, should Respondents transfer Petitioner to facilities outside of the Chicago Immigration Court's jurisdiction and/or remove Petitioner from the United States before an Immigration Judge has fully adjudicated his case and entered a removal order, Petitioner will be permanently barred from exercising his rights under 8 U.S.C. §1229a(b)(1)(B).

35. For these reasons, Petitioner's detention violates 8 U.S.C. § 1229a(b)(1)(B).

## COUNT THREE
## Violation of 8 U.S.C. § 1229a(c)(1)(A)

36. The allegations in the above paragraphs are realleged and incorporated herein.

37. The INA at 8 U.S.C. § 1229a(c)(1)(A) states that an immigration judge shall decide whether an alien is removable from the United States based only on the evidence produced at the hearing.

38. Petitioner's removal proceedings have not concluded. On April 8, 2025, Petitioner appeared for his Master Calendar Hearing with counsel before Immigration Judge Espinoza in Chicago, Illinois. Pleadings on the charges of removability have not yet been taken nor has any evidence been entered into the record. Petitioner's asylum claim likewise remains unadjudicated. Immigration Judge Espinoza set another hearing for Petitioner on April 24, 2025.

39. Respondents have transferred Petitioner to BPC before, on information and belief, moving him to an undisclosed facility in Texas for the purpose of removing Petitioner from the United States.

40. On information and belief, Respondents intend to remove Petitioner from the United States before the Immigration Court has entered – or even considered – the entry of an order of removal.

41. Absent a removal order entered by an immigration judge, an alien may only be removed under specific circumstances. Under INA § 235(b)(1), individuals may be subject to expedited removal if they are arriving at a port of entry without proper documents, or if they entered without inspection and are caught within 100 miles of the border and within 14 days of entry. However, individuals are exempted from expedited removal if they have a fear of persecution upon return to their home country. Petitioner is not subject to expedited removal because he was arrested and detained without a warrant in Matteson, Illinois on March 21, 2025, which is about 1,500 miles away from the border and more than two years after he entered the United States. Petitioner is also seeking asylum because of a fear of persecution should he return to Venezuela.

42. Additionally, Petitioner has not agreed in writing to be removed without a hearing and he has not committed any crimes. Therefore, Petitioner is not subject to removal without a formal removal order from an immigration judge.

43. For these reasons, Petitioner's detention violates 8 U.S.C. § 1229a(c)(1)(A).

## **PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days.

(3) Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment, 8 U.S.C. § 1229a(b)(1)(B), and 8 U.S.C. § 1229a(c)(1)(A);

(4) Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner on his own recognizance or under parole, prohibiting Respondents from removing Petitioner from the jurisdiction of the Chicago Immigration Court and from the United States, and afford Petitioner an opportunity to address the Government's evidence and allegations against him; and

(5) Grant any further relief this Court deems just and proper.

Dated: April 14, 2025                                Respectfully submitted,


                                                    /s/_____Laura Smith_____
                                                            Laura Smith

Laura Smith/ARDC 6300907
Laura@childrenslegalcenterchicago.org
Brigitte Nuss Kocheny/ARDC 6227001
brigitte@childrenslegalcenterchicago.org
Children's Legal Center
1100 W Cermak Rd., Suite 422
Chicago, Illinois 60608
312-722-6642

*Attorneys for Petitioner*

## VERIFICATION PURSUANT TO 28 U.S.C. § 2242

I represent Petitioner, Freddy Jesus Castro Garcia, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 14th day of April, 2025.

/s/Laura Smith
Laura Smith
ARDC 6300907
Children's Legal Center
1100 W Cermak Rd., Suite 422
Chicago, Illinois 60608

13