UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

F.J.C.G.,

    Petitioner,

v.                                                                                   No. 1:25-CV-079-H

KRISTI NOEM, et al.,

    Respondents.

## ORDER

Before the Court is the government's motion to stay the case pending the outcome of *W.M.M., et al. v. Trump, et al.* (Case No. 1:25-CV-059) in the Fifth Circuit. Dkt. No. 49; *see A.A.R.P. v. Trump*, 137 F.4th 391 (5th Cir. 2025). The petitioner responded (Dkt. No. 50), and the motion is ripe for decision. For the reasons explained below, the Court grants the motion to stay this case (Dkt. No. 49).

The basic facts before the Court are not in dispute. In April 2025, an immigration judge in Chicago ordered the petitioner released on a $1,500 bond under Title 8 of the United States Code, the Immigration and Nationality Act (INA). Dkt. Nos. 50 at 4; 47-1 at 4–5. In May, the petitioner's immigration case was transferred to the El Paso Immigration Court. Dkt. No. 47-1 at 8–9. The petitioner attempted to post the $1,500 bond through the ICE CeBonds Portal several times in April, May, and June, but ICE rejected each attempted payment. Dkt. Nos. 47-2; 47-3. On April 29, ICE rejected the bond payment request with the explanation of "NO BOND." Dkt. No. 47-2 at 2. On May 1, ICE rejected the request with the explanation of "NOT ALLOW TO RELEASE." *Id.* at 3. And on May 23, ICE rejected the request with the explanation of "Not eligible for a bond per Title 50." Dkt. No. 47-3 at 6.

The petitioner is a member of the putative class in *W.M.M.*, and he was served with a notice under Title 50 of the United States Code, the Alien Enemies Act (AEA), on May 1. Dkt. Nos. 47 at 1; 47-3 at 5. The respondents ask the Court to "stay the proceedings in this case pending the Fifth Circuit's final adjudication of *W.M.M.*" Dkt. No. 49 at 2. The respondents contend that—because "the immigration judge ordered Petitioner released on bond pursuant to Title 8" but "Petitioner remains detained under the AEA"—the Court "need[s] the benefit of the Fifth Circuit's forthcoming decision in *W.M.M.* in order to render a decision in this case." *Id.* In response to the respondents' position that he would still be "subject to detention [under Title 50] even absent Title 8," *id.* at 6, the petitioner contends that "Title 8 supersedes Title 50." Dkt. No. 50 at 7.

Because the petitioner is detained under Title 50, the status of his immigration bond under Title 8 is irrelevant to the legality of his continued detention. The petitioner is alleged to be a member of Tren de Aragua removable under the AEA. Dkt. No. 47-3 at 5. Thus, ICE properly refuses to release the petitioner despite his attempts to post bond pursuant to the immigration court's order under the INA. *See* Dkt. No. 47-3 at 6.

The success of the petitioner's argument, *see* Dkt. No. 50, depends on whether Title 8 supersedes Title 50. But this question is presently before the Fifth Circuit in *W.M.M. See A.A.R.P.*, 137 F.4th at 392. In seeking to establish their likelihood of success on the merits, the *W.M.M.* petitioners raised this same argument before this Court. *See* No. 1:25-CV-059, Dkt. No. 2-1 at 18–19. The Supreme Court's order that the Fifth Circuit on remand address "all the normal preliminary injunction factors, including likelihood of success on the merits," thus means that the issue of whether Title 8 supersedes Title 50 is one of those aspects of the case currently on appeal. *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1370 (2025); *see*

*also Alice L. v. Dusek*, 492 F.3d 563, 564 (5th Cir. 2007) (noting that an interlocutory appeal divests a district court of jurisdiction over those aspects of the case on appeal).

Therefore, because the merits of this issue are currently before the Fifth Circuit in *W.M.M.*, this Court agrees with the respondents that a stay is appropriate. Accordingly, the respondents' motion (Dkt. No. 49) is granted, and this case is stayed pending the outcome of the appeal of *W.M.M.* at the Fifth Circuit. *See* Fifth Cir. No. 25-10534.

So ordered on July 28, 2025.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE